_____                    _____RETAIN

~~Paul Mannes~~ , U. S. BANKRUPTCY JUDGE            Evidentiary Hrg: Y N
JiTEEL                                              Exhibits Filed: Y N

PROCEEDING MEMO - CHAPTER 7

Date: 10/26/2015 Time: 03:00

**CASE: 15-12007 River Properties, LLC**

Brian V. Lee representing River Properties, LLC (Debtor)

representing Cheryl E. Rose Cheryl E. Rose (Trustee)

[41] Motion For Sanctions for Violation of the Automatic Stay Filed by River Properties, LLC.   *Dismiss as moot in light of dismissal of case.*

**MOVANT** : River Properties, LLC BY B Lee

[58] Revised Response and Request for Hearing, on behalf of Elliot N. Lewis, Trustee Filed by Elliot Neil Lewis (related document(s):s1 Exhibit) (Neal, Phaedra) CLERK'S NOTE: ATTACHED COMPLIANT PDFS. Additional attachment(s) added on 9/18/2015 and 9/30/2015 (Neal, Phaedra). Modified on 9/18/2015 and 9/30/2015

**MOVANT** : Elliot Lewis, Trustee BY E Lewis

[63] Third Motion to Dismiss Case for other reasons and Request for Hearing Filed by Elliot N. Lewis, Trustee . (Neal, Phaedra) CLERK'S NOTE: ATTACHED COMPLIANT PDF. Additional attachment(s) added on 9/30/2015. Modified on 9/30/2015 (Neal, Phaedra).   *Granted*

**MOVANT** : Elliot Lewis, Trustee BY E Lewis

[67] Opposition on behalf of River Properties, LLC Filed by Brian V. Lee (related document(s) 63 Motion to Dismiss Case filed by Creditor Elliot N. Lewis, Trustee).

**MOVANT** : River Properties, LLC BY B Lee

DISPOSITIONS:

Granted____ Denied____ Withdrawn____ Consent____ Default___ Under Adv.___

Moot_____ Dismissed_____ Overruled_____ Sustained_____ O.T.J. Fee_____

Continued to: _____

DECISION:

[ ] Signed by Court            [ ] Filed by Counsel
[ ] To be prepared by:
    [ ] Movant's counsel       [ ] Court

15-12007: 1 of 2

[ ] Respondent's counsel          [ ] Other _____

NOTES:

Dismiss the case.

The controlling statute, Md. Corp. & Assoc'n Art. § 4A-920, only permits an LLC whose charter has been forfeited to defend a proceeding brought against it. It does not permit the ~~debtor~~ LLC to sue in its own right. The sheriff's sale here was wrongful because of the automatic stay in a prior case of the debtor LLC. However, filing of this case is not defending in a proceeding pending against the debtor. The debtor's property can still be administered in a bankruptcy case if (1) creditors obtain an order for relief in an involuntary case or (2) the debtor reinstates its charter and files a voluntary case. That the wrong here grew out of a sale under a state court decree authorizing the sale does not make redressing the wrong a defense to the state court proceeding. The wrong is no different than would be an act of arson against the property. Addressing either wrong is an unauthorized act if pursued by the LLC via a court filing.